UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IVAN BOYD,

        Plaintiff,

    v.                                    Case No. 20-C-1464

DEBRA J. BELLIN, et al.,

        Defendants.

## SCREENING ORDER

Plaintiff Ivan Boyd, who is currently serving a state prison sentence at the Redgranite Correctional Institution (RCI) and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that officials at RCI violated his Eighth Amendment right against cruel and unusual punishment. This matter comes before the court on Boyd's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Boyd has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Boyd has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $25.53. Boyd's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Boyd is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations

must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Boyd alleges seven claims for deliberate indifference arising from events that occurred subsequent to a flu shot. On December 12, 2019, at 2:00 p.m., Boyd voluntarily agreed to get a flu shot during a vaccination event at RCI. Compl., Dkt. No. 1, ¶ 16. Afterward, Boyd repeatedly complained of pain in his arm, and at 4:00 p.m., Defendant Nash referred him to the health services unit (HSU), where Defendant Bellin gave him a bottle of over-the-counter pain reliever. *Id*., ¶¶ 17–18. On December 13, Boyd told Defendant Michalski that he had been feeling continuous pain since the flu shot and she told him that it was normal and that he should wait another day to notify HSU. *Id*., ¶ 19. Boyd submitted a health service request (HSR) that night, to which Defendant Long responded the following morning by stating that it would "be sore for approximately one week, this is within normal limits." *Id*.

On the night of December 14, Boyd again pushed the medical alert button, complaining of burning and shooting pain in his arm, and he was directed to meet with the supervisor, Defendant Larson. *Id*., ¶ 20. Boyd told Larson that his pain was a 10 on a scale of 10. *Id*. When Larson asked Boyd if he could make it through the night if he were seen early the next morning, Boyd responded that, although he wished to be seen immediately, "if he absolutely had to wait 'til morning to be seen by a medical professional, then he had no other choice." *Id*. At approximately 1:30 p.m. on December 15, 2019, Boyd was called to the HSU and examined by Defendants, Nurses Barter and John Doe. *Id*., ¶ 21. Boyd told them he was in severe pain and slept in his chair all night because he "nearly fell attempting to get into the top bunk." *Id*. Barter told Boyd to use a warm compress but did not provide him with one. *Id*. Between December 16 and 18, Defendant

3

Garcia examined Boyd and gave him a sling for his arm and additional over-the-counter pain medicine. *Id.*, ¶ 22.

On December 19, 2020, Boyd was attempting to enter his bunk while wearing the sling and fell backward onto his desk, injuring his neck, lower back, and right arm. *Id.*, ¶ 23. Boyd was taken to the emergency room (ER), where he had x-rays, bloodwork, and was given pain medication. *Id.*, ¶ 24. The next day, Boyd was examined at the HSU by Defendants Nurse Klenke and Dr. Labby who told Boyd to continue taking the acetaminophen prescribed by the ER doctor and to be careful not to fall again. *Id.*, ¶ 25. Boyd submitted HSRs again on December 21 and 22. *Id.*, ¶¶ 26–27. On December 26, 2020, Boyd was attempting to exit his top bunk when he again fell, striking his right knee on the bunk bed ladder. *Id.*, ¶ 28. Boyd submitted an HSR on the incident and was called to the HSU on December 27, 2020, where he was seen by Defendants Barter and Hildebrand. *Id.*, ¶¶ 28–29. Barter and Hildebrand accused Boyd of "being less than honest" about his injuries (*id.*, ¶ 29), but nurse practitioner Burnette gave him a one-week lower bunk restriction (*id.*, ¶ 30; Dkt. No. 1–17, at 3). On December 28, HSU staff denied Boyd a refill of prescription acetaminophen. Compl., ¶ 30. Boyd filed additional HSRs regarding his pain on December 30, 2019, and January 3, 7, and 13, 2020.

Boyd asserts the following claims each constituted negligence and deliberate indifference in violation of the Eighth Amendment prohibition against cruel and unusual punishment: Claim 1—Nurse Bellin's failure to provide him with a lower bunk restriction on December 12; Claim 2—Officer Michalski's failure to send him to the HSU on December 13; Claim 3—Supervisor Larson's failure to ensure that Boyd received medical treatment on the night of December 14; Claim 4—Nurses Barter and Doe's failure to ensure he received a lower bunk restriction on December 15; Claim 5—Nurse Garcia's failure to ensure he received a lower bunk restriction on

4

his visits between December 16 and 18; Claim 6—Nurse Klenke and Dr. Labby's failure to ensure he received a lower bunk restriction on December 20; and Claim 7—Nurses Barter and Hildebrand's refusal to treat him and confiscation of his sling on December 27, 2020.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). A prison official's failure to act constitutes deliberate indifference in violation of the Eighth Amendment only if the official "knowingly and unreasonably [disregarded] an objectively intolerable risk of harm." *Farmer v. Brennan*, 511 U.S. 825, 846 (1994).

Here, Boyd received a flu shot that caused him pain in his right arm. Neither the shot nor the subsequent symptoms could be seen as presenting an intolerable risk of harm. Boyd was seen repeatedly by the HSU for his pain, given pain medication and even a sling. Until Boyd fell out of his bunk the first time, Defendants would have had no cause to be concerned about a risk of harm. Boyd did not fall again until a week later, when he received the desired bunk restriction.

Flu shots are routinely given to millions of individuals each year, with little harm beyond temporary discomfort, and Boyd voluntarily received the shot as part of a group vaccination event at RCI. Although he unfortunately fell out of his bunk twice, Boyd has not established that he was subject to an intolerable risk of harm as a result of the flu shot, let alone that Defendants knew of such a risk and unreasonably disregarded it. Thus, Boyd has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v.*

5

*Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**ORDER**

**IT IS THEREFORE ORDERED** that Boyd's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $324.47 balance of the filing fee by collecting monthly payments from Boyd's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Boyd is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is located.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin this <u>30th</u> day of September, 2020.

<u>s/William C. Griesbach</u><br>
William C. Griesbach<br>
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.